

**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

July 3, 2024

The Honorable Charles Schwertner
Chair, Senate Committee on Business & Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

>        **Opinion No. KP-0470**
>
>        Re: Whether low-THC cannabis inventory may be transported between department-approved locations by a licensed dispensing organization before a prescription is issued and filled under the Compassionate-Use Act (RQ-0525-KP)

Dear Senator Schwertner:

You ask whether the Texas Compassionate-Use Act ("Compassionate-Use Act") and its associated regulations permit licensed dispensing organizations to "transport and store their low-THC cannabis inventory between" state-approved locations "before a prescription is issued and filled . . . ."[1]

### Legislative Background of Low-THC Cannabis for Medical Use

The Compassionate-Use Act was part of a legislative initiative in 2015 to permit a very limited medical use of low-THC cannabis in the State of Texas. *See* Act of May 19, 2015, 84th Leg., R.S., ch. 301, §§ 1–4, 2015 Tex. Gen. Laws 1419–25 ("Senate Bill 339" or the "Bill"). Senate Bill 339 did three main things. First, it added chapter 169 to the Occupations Code to authorize

---

[1] Letter from Honorable Charles Schwertner, Chair, Senate Comm. on Bus. & Com., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 15, 2023), https://www.texasattorneygeneral.gov/sites/default/files/request-files/request/2023/RQ0525KP.pdf ("Request Letter"). You do not ask about the permissibility of this scenario under federal law and we do not address it except to note that federal laws may apply. Although the Compassionate-Use Act implicates only intrastate commerce, the United States Supreme Court has held that federal regulation of intrastate marihuana production and distribution does not violate the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 1 (2005) (concerning the California Compassionate Use Act). Additionally, although you ask whether dispensing organizations "may transport *and store* their low-THC cannabis inventory" as described, your letter focuses only on the transportation aspect. Request Letter at 1, 3 (emphasis added). As you do not otherwise provide context regarding the circumstances of the proposed transportation, we presume that the mention of storage merely illustrates a potential purpose of the transportation. *See id.* at 1–3. We limit our analysis accordingly.

qualified physicians to prescribe low-THC cannabis to patients with certain medical conditions.[2] *Id.* § 4 at 1423–25; *see* TEX. OCC. CODE §§ 169.001–.005; *see also id.* §§ 169.001(3) (defining "[l]ow-THC cannabis" as "the plant Cannabis sativa L., and any part of that plant . . . that contains not more than one percent by weight of tetrahydrocannabinols"), 169.003 (authorizing the prescription of low-THC cannabis). Second, the Bill added the Compassionate-Use Act in Health and Safety Code chapter 487, which directs the Department of Public Safety (the "Department") to license and regulate the organizations that cultivate, process, and dispense low-THC cannabis to patients with a prescription. Bill § 1 at 1419–23; *see* TEX. HEALTH & SAFETY CODE §§ 487.001–.256. The Bill also requires the Department to maintain a registry[3] to track information about each prescription. Bill § 1 at 1419–20. Third, the Bill amended the Texas Controlled Substances Act ("Controlled Substances Act") to exempt licensed dispensing organizations from certain possession and delivery offenses and to specifically authorize them to possess low-THC cannabis. *Id.* §§ 2, 3 at 1422–23; *see* TEX. HEALTH & SAFETY CODE §§ 481.111(e), .062(a)(6). With this background in mind, we address your question.

**Transportation of Low-THC Cannabis under the Compassionate-Use Act and Associated Regulations**

Your inquiry concerns the transportation of low-THC cannabis inventory by a licensed dispensing organization between state-approved locations before a prescription is issued and filled.[4] *See* Request Letter at 1, 3. As a general matter, a dispensing organization is "licensed by the [D]epartment to cultivate, process, and dispense low-THC cannabis" to a patient for whom it has been prescribed. TEX. HEALTH & SAFETY CODE § 487.001(3) (defining "[d]ispensing organization"). The cultivation, processing, and dispensation of low-THC cannabis takes place at a licensed dispensing organization's premises. *See id.* § 487.102(1)(B)(ii) (requiring a dispensing organization to possess "the ability to secure . . . premises" to be eligible for a license); *see also* 37 TEX. ADMIN. CODE §§ 12.1(12) (2017) (Tex. Dep't of Pub. Safety, Definitions) (defining "[r]egulated premises" as "[t]he physical areas under the control of a licensee, in which low-THC cannabis, or production related raw materials or by-products, are cultivated, handled, transported, processed, or dispensed"), 12.2(a) (2017) (Tex. Dep't of Pub. Safety, Requirements and Standards) (providing that "[a] licensee may only perform regulated functions at a department approved location").

The statute's use of the word "premises" does not foreclose the possibility that a dispensing organization may have multiple premises. *See Smith v. State*, 268 S.W. 742, 743 (Tex. Crim. App. 1925) (observing that "[t]he word 'premises' has many varied meanings" and could mean, for

---

[2]The Bill initially authorized only the treatment of intractable epilepsy, but the law has since been amended and now includes nine specified illnesses, plus "a medical condition that is approved for a research program under Subchapter F, Chapter 487, Health and Safety Code[.]" TEX. OCC. CODE § 169.003(3)(A).

[3]The Compassionate-Use Act requires the Department to establish and maintain an online "compassionate-use registry" containing information about the prescribing physician, the patient, the dosage prescribed, the total amount of low-THC cannabis required to fill the prescription, and "a record of each amount of low-THC cannabis dispensed by a dispensing organization to a patient under a prescription." TEX. HEALTH & SAFETY CODE § 487.054(a).

[4]Because you reference "a licensed dispensing organization operating out of multiple facilities within the State," we understand you to ask about transportation between the multiple facilities operated by the same licensee. Request Letter at 3.

example, "different bodies of land separated from each other" as readily as it could mean "all of a large estate"); *see also* 37 TEX. ADMIN. CODE § 12.11(b)(7)(B)(i) (2017) (Tex. Dep't of Pub. Safety, Application for License) (requiring an applicant to describe "*all properties* applicant proposes to utilize to cultivate, process, and dispense low-THC cannabis" (emphasis added)). Although the Compassionate-Use Act authorizes the dispensing of low-THC cannabis in accordance with the law and associated regulations, as you acknowledge, it does not address the transportation of low-THC cannabis, whether between Department-approved locations or otherwise. *See* Request Letter at 3 (observing that no provision in that law of which you are aware either expressly provides for or prohibits the transportation of low-THC inventory "from one facility to another within the state"). The statute does, however, direct the public safety director of the Department to "adopt any rules necessary for the administration and enforcement of [chapter 487]" ("Department rules"). TEX. HEALTH & SAFETY CODE § 487.052.

The Department has promulgated multiple rules that contemplate the transportation of low-THC cannabis. *See, e.g.*, 37 TEX. ADMIN. CODE §§ 12.11(b)(7)(D)(iv) (2017) (Tex. Dep't of Pub. Safety, Application for License) (requiring applicants for a dispensing organization license to provide "[i]dentifying descriptions of any vehicles to be used to transport product"), 12.2(k) (2017) (Tex. Dep't of Pub. Safety, Requirements and Standards) (requiring directors, managers, or employees of a licensed dispensing organization to carry a Department-issued registration card when performing certain functions, "including . . . the transportation of low-THC cannabis on behalf of a licensee"), 12.4(b)(3)–(4) (2017) (Tex. Dep't of Pub. Safety, Records) (requiring licensees to retain "delivery records and manifests reflecting the recipient's acknowledgement and establishing the chain of custody, relating to the transportation of . . . Low-THC cannabis," as well as "transportation trip plans"), 12.32(a), (b) (2017) (Tex. Dep't of Pub. Safety, Security of Vehicles) (requiring "[a]ny vehicle used by a dispensing organization for the transportation of low-THC cannabis" to have certain security measures in place and requiring a licensee to prepare a trip plan "[p]rior to transportation of any product").

None of the rules expressly address the scenario of transporting low-THC cannabis inventory between Department-approved locations prior to a prescription being issued and filled. *See* Request Letter at 1, 3. However, while the ultimate purpose of a dispensing organization is to "cultivate, process, and dispense low-THC cannabis to a patient for whom low-THC cannabis *is prescribed*," the rules contemplating transportation do not necessarily indicate that a prescription must have already been issued and filled before such transportation may take place, nor do they indicate that transportation between facilities would be prohibited. TEX. HEALTH & SAFETY CODE § 487.001(3) (emphasis added). Thus, we find nothing in the rules that would prohibit the scenario about which you ask.

Administrative rules, however, must comport with state law. *See generally R.R. Comm'n of Tex. v. Lone Star Gas Co.*, 844 S.W.2d 679, 685 (Tex. 1992). In this case, given the nature of low-THC cannabis, the legality of its transportation implicates the Controlled Substances Act.

**Low-THC Cannabis and the Controlled Substances Act**

For purposes of compassionate use, "[l]ow-THC cannabis" means "the plant Cannabis sativa L., and any part of that plant or any compound, manufacture, salt, derivative, mixture, preparation, resin, or oil of that plant that contains not more than one percent by weight of tetrahydrocannabinols." TEX. OCC. CODE § 169.001(3). Tetrahydrocannabinol is the chemical compound in the marihuana plant that produces a psychoactive high when ingested and is commonly referred to as "THC." *Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 658 (Tex. 2022). Under the Controlled Substances Act, if a cannabis plant or its derivatives has a THC concentration of more than 0.3%, it is "marihuana" and is subject to regulation as a controlled substance. *See* TEX. HEALTH & SAFETY CODE § 481.002(26)(F) (defining "[m]arihuana" as "the plant Cannabis sativa L., whether growing or not, the seeds of that plant, and every compound, manufacture, salt, derivative, mixture, or preparation of that plant or its seeds" but excluding, among other things, "hemp, as that term is defined by Section 121.001, Agriculture Code"); TEX. AGRIC. CODE § 121.001 (defining "hemp" as "the plant Cannabis sativa L. and any part of that plant . . . with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis"); *see also* TEX. HEALTH & SAFETY CODE § 481.002(5) (defining a "[c]ontrolled substance" as "a substance . . . listed in Schedules I through V[,]" among others); TEX. DEP'T OF STATE HEALTH SERVS., 2023 SCHEDULES OF CONTROLLED SUBSTANCES (listing marihuana as Schedule I hallucinogenic substance).[5] Thus, the transportation of any low-THC cannabis containing a concentration of THC exceeding 0.3% is subject to the Controlled Substances Act's restrictions on marihuana.

**Controlled Substances Act Exemption for Dispensing Organizations**

The Controlled Substances Act provides that, "[e]xcept as authorized by this chapter, a person commits an offense if the person knowingly or intentionally delivers marihuana." TEX. HEALTH & SAFETY CODE § 481.120(a). "Deliver" means "to transfer, actually or constructively, to another a controlled substance . . . regardless of whether there is an agency relationship." *Id.* § 481.002(8). But the Controlled Substances Act provides certain exemptions to its provisions. *See generally id.* § 481.111 (titled "Exemptions"). Among them[6] is subsection 481.111(e)(2)—added to the statute by the Bill—which provides in relevant part that the offense of delivery of marihuana in section 481.120 does not apply

> to a person who engages in the acquisition, possession, production, cultivation, delivery, or disposal of a raw material used in or a by-

---

[5]*Available at* https://www.dshs.texas.gov/drug-manufacturers-distributors/schedules-controlled-substances-drug-manufacturers-distributors.

[6]Another exemption, subsection 481.111(c), provides that "[a] person does not violate Section 481.113" (offense of manufacture or delivery of controlled substance classified as a Penalty Group 2 substance) under certain circumstances involving the use of THC in a therapeutic research program. TEX. HEALTH & SAFETY CODE § 481.111(c). Penalty Group 2 substances include "any quantity of . . . [t]etrahydrocannabinols, other than marihuana[.]" *Id.* § 481.103(a)(1). We are unaware of circumstances under which low-THC cannabis prescribed for medical use pursuant to chapter 169 of the Occupations Code could be classified as a Penalty Group 2 substance rather than Schedule I marihuana. Nor have we received briefing from the Department or industry representatives indicating such a possibility. We conduct our analysis accordingly.

> product created by the production or cultivation of low-THC cannabis if the person . . . is a director, manager, or employee of a dispensing organization and the person, solely in performing the person's regular duties at the organization, acquires, possesses, produces, cultivates, dispenses, or disposes of . . . in reasonable quantities, any low-THC cannabis or raw materials used in or by-products created by the production or cultivation of low-THC cannabis[.]

*Id.* § 481.111(e)(2)(A); *see also id.* § 481.111(f)(1), (2) (providing that for purposes of subsection (e), a "'[d]ispensing organization' has the meaning assigned by" the Compassionate-Use Act and the term "'[l]ow-THC cannabis' has the meaning assigned by" section 169.001 of the Occupations Code). As previously discussed, the Legislature added this exemption to the Controlled Substances Act in 2015 as part of its initiative to permit the limited medical use of low-THC cannabis in the State of Texas with the plain intent to decriminalize "delivery" within this context. *See* Bill § 3 at 1423. Like the Compassionate-Use Act, nothing in subsection 481.111(e)(2) itself prohibits the scenario about which you ask. Accordingly, to the extent the transportation of low-THC cannabis by a licensed dispensing organization fits within the parameters of subsection 481.111(e)(2)'s exemption, it would not constitute a marihuana delivery offense.

Thus, in answer to your question, neither the Compassionate-Use Act nor its associated regulations prohibit a licensed dispensing organization from transporting its low-THC cannabis inventory between Department-approved locations prior to a prescription being issued and filled. Department rules generally contemplate the transportation of low-THC cannabis and likely do not prohibit the proposed scenario so long as any transportation of low-THC cannabis comports with the statutory exemption to the offense of delivery of marihuana provided by subsection 481.111(e)(2) of the Controlled Substances Act.[7] Finally, we note that it lies within the Department's discretion as the rulemaking authority for the administration of the Compassionate-Use Act to clarify its regulations on this point.

---

[7]A licensed dispensing organization transporting low-THC cannabis inventory must also, of course, comply with any rules or licensing criteria the Department determines is necessary for transportation purposes. *See* TEX. HEALTH & SAFETY CODE §§ 487.052, .102(3).

**S U M M A R Y**

The Texas Compassionate-Use Act in chapter 487 of the Health and Safety Code provides a regulatory structure administered by the Department of Public Safety for the medical use of low-THC cannabis in conjunction with chapter 169 of the Occupations Code. Neither the Compassionate-Use Act nor its associated regulations prohibit a licensed dispensing organization from transporting its low-THC cannabis inventory between Department-approved locations prior to a prescription being issued and filled. Department rules generally contemplate the transportation of low-THC cannabis and likely do not prohibit the proposed scenario so long as any transportation of low-THC cannabis comports with the statutory exemption to the offense of delivery of marihuana provided by subsection 481.111(e)(2) of the Controlled Substances Act.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee